NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FERNANDO ERAZO-GUZMAN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.  16-70094<br><br>Agency No. A205-317-136<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Luis Fernando Erazo-Guzman, a native and citizen of Guatemala, petitions

pro se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C § 1252. We deny in part and dismiss in part the petition for review.

In his opening brief, Erazo-Guzman does not challenge the dispositive grounds relied on by the agency in denying his claims for asylum and withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived). To the extent that Erazo-Guzman proposes a new particular social group in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Erazo-Guzman's asylum and withholding of removal claims fail.

We also lack jurisdiction to consider Erazo-Guzman's contentions as to the merits of his CAT claim, the IJ's evaluation of the evidence, and the IJ's denial of a continuance. *See id.*

The temporary stay of removal remains in place until the issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**